WILLIAM HEBREW, PLAINTIFF, v. JOHN M. KELLY CON-
TRACTING COMPANY, DEFENDANT.

Submitted May 26, 1924—Decided August 15, 1924.

**Negligence—Open Trench in Highway—Proper Protection—
Plaintiff Testified That There Was Sufficient Light to See
Opening—Contributory Negligence.**

On rule to show cause.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Frank A. Mathews, Jr.*

*Contra, George Gildea,* of *Katzenbach & Hunt.*

PER CURIAM.

This is the plaintiff's rule to show cause why a new trial
should not be granted. The suit was to recover damages
for injuries sustained by the plaintiff through a fall into a
trench on the southerly side of Broad street, in Palmyra,
on the evening of May 6th, 1922. The plaintiff's evidence
disclosed that the defendant had opened the trench and had
piled the dirt along the side of it except for a space of about
ten feet, which had been left open, level with the surface
of the street. The trench itself extended eastwardly from
Cinnaminson avenue, and was protected by a light at the
Cinnaminson avenue end and another light sixty-five or
seventy feet eastward of Cinnaminson avenue. There was no
light at the point where the dirt had been leveled even with
the street. It further appeared that this opening was a space
used by the public to cross to the railroad station and also
to a moving picture house.

The defendant offered no evidence, but the jury rendered
a verdict in its favor. We think it quite clear that the de-
fendant's negligence was amply and conclusively proven, and
if this were all of the case the verdict of the jury could not

51

well be sustained. It appeared, however, that the plaintiff was familiar with the location of the trench and with the embankment of dirt. He testified that it was light enough for him to see the piles of dirt. The plaintiff's wife was with him at the time he fell into the trench. She preceded him and passed safely over the trench. When the plaintiff attempted to pass, he fell into the trench and was injured.

The contributory negligence of the plaintiff having been pleaded, we think it was well within the right of the jury to find against him on this phase of the case, and the rule for a new trial will therefore be discharged.